UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE: DePUY ORTHOPAEDICS, ) MDL 1:10-md-2197
INC. ASR HIP IMPLANT PRODUCTS )
LIABILITY LITIGATION ) SHORT FORM COMPLAINT FOR
) DePUY ORTHOPAEDICS, INC.
) ASR HIP IMPLANT PRODUCTS
) LIABILITY LITIGATION

---

This applies to:
Peggy Scott
vs. DePuy Orthopaedics, Inc., et al.          JURY TRIAL DEMANDED

---

                                              CASE NO. _____

PEGGY SCOTT,

                    Plaintiff,

vs.

DePUY ORTHOPAEDICS, INC.,
DePUY INC., DePUY INTERNATIONAL
LIMITED, JOHNSON & JOHNSON,
JOHNSON & JOHNSON SERVICES,
INC., and JOHNSON & JOHNSON
INTERNATIONAL,

                    Defendants.

---

**ABBREVIATED SHORT FORM COMPLAINT FOR**
**DePUY ORTHOPAEDICS, INC.**
**ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

1.  Plaintiff, PEGGY SCOTT, states and brings this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGAITON, MDL No. 2197. Plaintiff is filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

1

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the Middle District Court of the State of Florida. Plaintiff states that but for the Order permitting direct filing into the Northern District Court of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the Middle District Court of the State of Florida. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings, that this case be transferred to the above-referenced District Court.

3. Plaintiff is a resident and citizen of Brevard County, Florida and claims damages as set forth below.

4. At the time of implantation with the ASR hip device, the Plaintiff resided at 485 Bella Capri Drive, Merritt Island, Florida 32952.

5. Plaintiff was born on May 6, 1937.

6. Plaintiff claims damages as a result of:

    __X__    injury to herself

    _____    injury to the person represented

    _____    wrongful death

    _____    survivorship action

    __X__    economic loss

    __X__    loss of services

    _____    loss of consortium

## ALLEGATIONS AS TO INJURIES

7. Plaintiff was implanted with a DePuy ASR hip implant on her left hip on or about November 9, 2007 at Wuesthoff Medical Center, 110 Longwood Ave., Rockledge, Florida 32955 by Dr. Hany F. Helmy.

8. On or about November 9, 2007, Plaintiff suffered the following personal and economic injuries as a result of the implantation of the ASR hip implant: injury to the body and extremities, medical expenses for the treatment of such injuries, pain and suffering of both a physical and mental nature, permanent injury to the body as a whole, and loss of the ability to lead and enjoy a normal life, all of which injuries are either permanent or continuing into the future.

9. Plaintiff had the ASR hip device explanted on February 24, 2014 at Wuesthoff Medical Center, 110 Longwood Ave., Rockledge, Florida 32955 by Dr. Hany F. Helmy.

10. Plaintiff has suffered injuries as a result of implantation and explantation of the DePuy ASR hip implant device manufactured by Defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the Defendants and are incorporated by reference herein.

11. The Defendants, by their actions or inactions, proximately caused Plaintiff's injuries.

12. The Plaintiff could not have known that the injuries she suffered were as a result of a defect in the ASR hip implant device until after the date the device was recalled from the market and the Plaintiff came to learn of the recall.

13. The Plaintiff could not have known that she was injured by excessive levels of chromium and cobalt until after the date she had her blood drawn and she was advised of the results of said blood work.

14. As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering, for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

| | |
|---|---|
| __X__ | FIRST CAUSE OF ACTION (NEGLIGENCE); |
| __X__ | SECOND CAUSE OF ACTION (NEGLIGENCE PER SE); |
| __X__ | THIRD CAUSE OF ACTION (STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN); |
| __X__ | FOURTH CAUSE OF ACTION (STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT); |
| __X__ | FIFTH CAUSE OF ACTION (STRICT PRODUCTS LIABILITY – FAILURE TO WARN); |
| __X__ | SIXTH CAUSE OF ACTION (BREACH OF EXPRESS WARRANTY); |
| __X__ | SEVENTH CAUSE OF ACTION (BREACH OF WARRANTY AS TO MERCHANTABILITY); |
| __X__ | EIGHTH CAUSE OF ACTION (BREACH OF IMPLIED WARRANTY); |
| __X__ | NINTH CAUSE OF ACTION (FRAUDULENT MISREPRESENTATION); |
| __X__ | TENTH CAUSE OF ACTION (FRAUDULENT CONCEALMENT); |

| | |
|---|---|
| __X__ | ELEVENTH CAUSE OF ACTION (NEGLIGENT MISREPRESENTATION); |
| __X__ | TWELFTH CAUSE OF ACTION (FRAUD AND DECEIT); |
| __X__ | THIRTEENTH CAUSE OF ACTION (UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW); |
| __X__ | FOURTEENTH CAUSE OF ACTION (MISREPRESENTATION BY OMISSION); |
| __X__ | FIFTEENTHTH CAUSE OF ACTION (CONSTRUCTIVE FRAUD); |
| __X__ | SIXTEENTH CAUSE OF ACTION (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS); |
| __X__ | SEVENTEENTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS); |
| __X__ | EIGHTEENTH CAUSE OF ACTION (GROSS NEGLIGENCE/MALICE); |
| _____ | NINETEENTH CAUSE OF ACTION (LOSS OF CONSORTIUM); |
| __X__ | TWENTIETH CAUSE OF ACTION (PUNITIVE DAMAGES); |
| __X__ | TWENTY-FIRST CAUSE OF ACTION (MEDICAL MONITORING); |
| _____ | TWENTY-SECOND CAUSE OF ACTION (VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE); *SPECIFY THE STATUTE ALLEGGED* |
| __X__ | TWENTY-THIRD CAUSE OF ACTION (RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT DEVICE); |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

5

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action.

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

_____
MICHAEL GOETZ, ESQUIRE
Florida Bar No. 963984
Morgan & Morgan
Complex Litigation Group
One Tampa City Center, 7th Floor
201 N. Franklin Street
Tampa, Florida 33602
Telephone (813) 223-5505
Facsimile (813) 223-5402
E-Mail: MGoetz@forthepeople.com
Counsel for Plaintiff